UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIC IAFRATE, ET AL.,

    Plaintiffs,     No. 18-12028

v.     District Judge Arthur J. Tarnow
    Magistrate Judge R. Steven Whalen

WARNER NORCROSS & JUDD, LLP

    Defendant.
_____/

**OPINION AND ORDER**

Before the Court is Plaintiffs' Second Motion to Compel Production of Documents [ECF No. 51]. Under the terms discussed below, the motion will be GRANTED.

**I. BACKGROUND**

On June 15, 2020, the Court entered an order directing Defendant Warner Norcross & Judd, LLP ("WNJ") to produce certain communications to which it claimed attorney-client privilege [ECF No. 49].[1] While the Court rejected the Plaintiffs' argument that the "joint client exception" to the attorney-client privilege required disclosure of all WNJ communications,[2] the Defendants were nevertheless ordered to produce relevant communications between WNJ attorneys (and specifically including attorney Justin Stemple) and members of the Board of Directors of AICC and AII during the time Dominic Iafrate was a Board member. This was based on the fiduciary duty exception as

---

[1] The underlying facts were comprehensively set forth in the Opinion and Order [ECF No. 49, PageID.1249-1254], and need not be repeated here.

[2] "Plaintiffs have no authority to compel disclosure of privileged communications between the entities and WNJ by way of their former status as sellers of AICC." ECF No. 49, PageID.1259.

-1-

described in *Fassihi v. Sommers, Schwartz, Silver, Schwartz &Tyler, PC*, 107 Mich.App. 509, 519 (1981). *See Opinion*, ECF No. 49, PageID.1261 ("[A] former member of a corporations board of directors is entitled to discovery communications between the corporation's counsel and another member of the board made during the former member's tenure."). The Opinion and Order stated as follows:

> "Plaintiffs here, like Fassihi, are requesting documents from WNJ covering communications between WNJ and its entity clients and Adcock targeted at the common stock warrants and the 60-day warrant expiration. Dominic was a board member of AICC and AII until February 2017. Under *Fassihi*, Dominic is entitled to communications between WNJ and Adcock as board member of AICC and AII during the time Dominic was also a board member." ECF No. 49, PageID.1262-1263.

> "Dominic Iafrate is entitled to disclosure of communications made between WNJ and other board members of AICC and the AII ESOP while he was a board member himself. Documents fitting that criteria must be produced." *Id.*, PageID.1265.

> "WNJ is directed to produce documents containing communications between WNJ and board members of AICC and AII, relevant to the RFPs, made during the time Dominic Iafrate was a board member of AICC and AII." *Id.,* PageID.1271.

## II.   DISCUSSION

There is no ambiguity in the Court's June 15, 2020 order. Plaintiff Dominic Iafrate gets communications between WNJ and other board members of AICC and AII *while he himself was a board member*.   Indeed, neither Plaintiffs nor Defendant dispute this, and WNJ concludes its response with this statement:

> "WNJ carefully followed the June 15, 2020 Order by producing communications between WNJ and AICC/AII Board members that were made during the time Dominic Iafrate was an AICC/AII Board member." ECF No. 53, PageID.1389.

The dispute involves the question of when Robert Adcock, the president of AICC,

became a board member of AICC.[3] Defendant asserts that Adcock became a member on April 6, 2017. *Id*., PageID.1382. Plaintiff says that Adcock became a member on November 22, 2016. ECF No. 51, PageID.1288. Dominic Iafrate resigned from the board on February 20, 2017. Thus, if Plaintiff is right, Dominic Iafrate and Adcock's membership on the board overlapped from November 22, 2016 to February 20, 2017, and he is entitled to emails from WNJ to other board members, including Adcock, during that period. As Plaintiffs put it, "Plaintiffs suggest, at a minimum, that they are entitled to receive any and all communications between November 22, 2016 and February 20, 2017 where, according to company records, Adcock and Dominic Iafrate overlapped in their service on the Board." ECF No. 51, PageID.1288. But if Defendant is right, there was no overlapping membership between Dominic and Adcock, and Dominic would not be entitled to emails from WNJ to Adcock during that period.

Appended to Plaintiff's motion as Exhibit 3 are the minutes of a meeting of the Board of Directors of AICC on November 22, 2016. Mr. Adcock was present at that meeting. One of the items discussed was his meeting with the bonding company (CNA) concerning prepayment of certain notes to former shareholders. The minutes state as follows:

> "Mr. Adcock said CNA requested Mr. Adcock as President of AICC and Trustee of the ESOP be added to the board....Mr. Tinsman suggested that the number of board members be increased by one and that Mr. Adcock be elected to the board.
>
> Mr. Stefani said that was simply a matter of amending the bylaws of the Corporation to increase the number of Directors whereupon *Mr. Tinsman moved to amend the bylaws to provide for four members of the Board and that Mr. Adcock be elected to fill the new position effective immediately.*

---

[3] There is no disagreement as to what the order says, so this is not, as Defendant suggests, a *de facto* motion for reconsideration of the earlier order. It is a motion to enforce the earlier order.

*Mr. Iafrate seconded the motion and it was unanimously approved.*" ECF No. 51-1, PageID.1309-1310. (Emphasis added).

Appended to Plaintiff's motion as Exhibit 2 is a letter written by WNJ attorney Justin Stemple, on behalf of AICC, to the Regional Director of the United States Department of Labor, Employee Benefits Security Administration, dated March 20, 2017. ECF No. 51-1, PageID.1302-1305. In the letter, Mr. Stemple states:

> "On November 22, 2016, Robert C. Adcock was appointed as Director. A copy of the relevant portion of the minutes confirming his appointment is enclosed. *Id*., PageID.1304.

Mr. Stemple's letter then provided a chart that summarized the makeup of the AICC board during five discrete time frames. The chart shows that for the period from November 22, 2016 to February 20, 2017, the board had four members: Dominic Iafrate, Michael J. Stefani, Robert a Tinstman, and Robert C. Adcock. *Id*., PageID.1304.

Defendant argues that the November 22, 2016 amendment of the bylaws to increase board membership to four persons, and the election of Mr. Adcock to the board, were not done properly, according to the corporate bylaws, because there was no written consent of or notice to the existing board members. ECF No. 53, PageID.1381-1382. Appended to Defendant's response as Exhibit B is the affidavit of Jacqueline Kaltz-Coulombe, corporate counsel for AICC and AII. She states, at ¶ 8, "An amendment to the Bylaws changing the number of Board members from three (3) to four (4) was never executed by the Board." ECF 53-3, PageID.1414. She then states, at ¶ 10, "Robert C. Adcock was formally appointed to the AII/AICC's Board of Directors at the April 6, 2017 Annual Meeting of the AII/AICC Board of Directors." *Id*. In support, she refers to the attached minutes of the Annual meeting. *Id*.

But the minutes do not support Defendant's assertion that the unanimously approved motion on November 22, 2016 to increase board membership of AICC to four

and to appoint Mr. Adcock as a director was ineffective. At the April 6, 2017 annual meeting of AICC and AII, Mr. Adcock, along with Bob Tintsman and Michael Neville, were nominated and elected to the board of AII (Anthony Iafrate, Inc.), not AICC. *Id*., PageID.1417. In addition, the bylaws of *AII* were then amended by voice vote to decrease board membership from four to three. *Id*.[4] These minutes do not show that Adcock was first elected to the separate AICC board on April 6, 2017, any more that they show that Bob Tintsman was first elected to the AICC board on that date. Mr. Tintsman was clearly an AICC board member in November of 2016.

Whether or not there was technical compliance with the AICC bylaws on November 22, 2016, the board unanimously passed a motion to increase board membership to four persons, and unanimously elected Mr. Adcock as a director, *effective immediately*. The meeting continued, and from that point on, Adcock acted as and assumed the duties and responsibilities of a director in fact. Moreover, WNJ attorney Stemple's letter to the Labor Department, clarifying the composition of the AICC board, plainly states that Adcock was a member of the board from November 22, 2016 to April 6, 2017. When the letter was written, WNJ considered that Adcock had been a member of the board since November of 2016, yet argues to the contrary now. And if his statement to the Department of Labor was not true, then Mr. Stemple arguably violated 18 U.S.C. § 1001, a five-year felony.[5]

---

[4] It appears that those bylaws were amended simply by unanimous vote of the directors, the same as the AICC amendment in November of 2016.

[5] (a) "Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully–

    (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

Therefore, Defendant must produce to Plaintiff Dominic Iafrate any corporate communications from attorney Stemple or any other WNJ attorney to any member of the AICC board, including Mr. Adcock, including communications concerning the ESOP plan. The production encompasses all such communications, not just communications related to a board meeting or agenda item. The production will pertain to the time frame November 22, 2016 to April 6, 2017.[6]

If Defendant still claims privilege as to any of its communications to Adcock during the period of his overlapping board membership with Dominic Iafrate, it shall produce a privilege log, and submit those communications to the undersigned Magistrate Judge for *in camera* review.

Finally, the Court is aware that *Fassihi* used the term "corporate control group." But pursuant to the Court's original order, the production is limited to communications to AICC and AII *board members*, including Mr. Adcock, during the time when Adcock's and Dominic's membership on the board overlapped. It does not extend beyond board members to officers or others who were not on the board during the relevant period, regardless of whether Plaintiff might characterize those individuals as members of a control group.

---

(2) makes any materially false, fictitious, or fraudulent statement or representation; or
(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

shall be fined under this title, imprisoned not more than 5 years...or both."

[6] As directed in the original order, Defendant must also produce communication to AII during the time that Dominic Iafrate was a board member.

## III. CONCLUSION

Under the terms discussed above, Plaintiffs' Second Motion to Compel Production of Documents [ECF No. 51] is GRANTED.

IT IS SO ORDERED.

                                        s/ R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: April 2, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 2, 2021, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla
                                        Case Manager to the
                                        Honorable R. Steven Whalen